UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

CIVIL ACTION No.

BRIAN J. PIERCE,
Petitioner,                   )
                              )
                              )
    Vs.                       )
                              )
LUIS SPENCER                  )
Superintendent                )
of M.C.I. Norfolk,            )
Respondent.                   )

## PETITIONER'S MOTION FOR AN EVIDENTIARY HEARING

Now comes the Petitioner, Brian J. Pierce, acting Pro Se in the above-caption matter, and hereby moves this Honorable Court pursuant to the rules governing section 2254 cases, Rule 8, for issuance of an Evidentiary Hearing based upon the following reasons set fourth below:

The Petitioner avers and states as follows:

1...Petitioner was not allowed an Evidentiary Hearing in the State Courts;

2...The Trial Court created its own set of "Facts" to suit the plea then relied upon these un-factual claims in denying Constitutional relief on Petitioner's Constitutional claims;

3...The un-true facts created by the trial courts are unsupported by the record, any evidence, or other documents and all evidence and documentation is in grave controversial dispute with these facts;

4...Petitioner raised Constitutional Claims concerning his counsel rendering ineffective assistance during during the pre-trial stage;

Wherefore the Petitioner, Brian J. Pierce, respectfully

moves this Honorable Court pursuant to rule 8 for an Evidentiary Hearing on his Constitutional claims pertaining to the controversial "facts" in dispute; ineffective counsel, and un-factual plea, as was ruled in the matter of Marmol v. Dubois, 855 F.Supp. 444, 449 (D.C. Mass. 1994).

The Petitioner states that in Townsend v. Sain 372 U.S. 293 (1963) The Supreme Court listed six situations in which a Federal Court must hold an Evidentiary Hearing do to:

1..The merits of the factual dispute were not resolved in the state hearing

2..The States factual determination is not fully supported by the record as a whole.

3..The fact finding procedure employed by the state court was not adequate to afford a full and fair hearing.

4..There is a substantial allegation of newly discovered evidence.

5..The material facts were not adequately developed at the state court hearing.

6..For any reason it appears that the state judge did not afford the applicant a full and fair hearing.

Even though the petitioner meets situations 1-2-3-5-6 the trial courts and appeals failed to grant any hearing of any type and when trial court judge denied motions on disbelief alone as written in his own hand (R.A. XII pg. 97-98-99) when all claims were supported by State Official Documentation, he was clearly in error as stated in COMM. V. HAGGERTY 509 N.E. 2d 1163 MASS. 1987 states:

"Disbelief of testimony is not equivalent of proof of facts contrary to that testimony. Disbelief of testimony would not furnish the basis for a finding the other way"

WHEREFORE, this petitioner respectfully moves this court